# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| YU P. ZHEN, ) | |
|     Plaintiff, ) | Case No. 2:11-cv-01585-GMN-CWH |
| vs. ) | **ORDER** |
| BAC HOME LOANS SERVICING, LP, *et al.*, ) | |
|     Defendants. ) | |

    This matter is before the Court on Defendants' Motion to Strike Plaintiff's Motion to Extend Time to File a Motion in Reply Opposition to Defendants' Request for Judicial Notice (#29), filed December 18, 2011; Defendants' Motion to Strike Opposition to Defendants' Motion to Dismiss (#19), filed October 25, 2011; Defendants' Motion to Strike Plaintiff's Reply in Support of Motion for Leave to Submit Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss (#20), filed October 25, 2011; and Defendants' Motion to Strike Plaintiff's Motion for Leave to File Reply in Support of Opposition to Strike Complaint (#24), filed November 3, 2011.

**1. Defendants' Motion to Strike Plaintiff's Motion to Extend Time to File a Motion in Reply Opposition to Defendants' Request for Judicial Notice (#29)**

    Plaintiff requests additional time to reply to retain an attorney and file a surreply to Defendants' request for judicial notice. Plaintiff identifies "ECF No. 5" as Defendants' request for judicial notice. The referenced docket entry is Defendants' certificate of service indicating that the pending motion to dismiss was mailed to Plaintiff. (#5). It is not a request for judicial notice. Consequently, there are no grounds for the requested relief.

**2. Defendants' Motions to Strike (#19), (#20), and (#24)**

    Each of Defendants' motions to strike has been unopposed. Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall

constitute a consent to the granting of the motion." Moreover, it appears that each of the docket entries that Defendants seek to strike constitutes some form of surreply to Defendants' motion to dismiss (#4). That motion has been fully briefed. Defendants did not raise new arguments in its reply brief. Generally, courts do not permit a surreply when the movant has not raised new arguments in the reply brief. *Concerned Citizens for a Safe Community v. Office of Federal Detention Trustee*, 2011 WL 5041195 (D. Nev.) (citing *Heffelfinger v. Electronic Data Systems Corp.*, 580 F.Supp.2d 933, 966 n. 116 (C.D. Cal. 2008)).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Motion to Extend Time to File a Motion in Reply Opposition to Defendants' Request for Judicial Notice (#29) is **granted**. The Clerk shall **strike** Request for Extension of Time and Order (#27).

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Opposition to Defendants' Motion to Dismiss (#19) is **granted**. The Clerk shall **strike** docket entry (#17) from the record.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Reply in Support of Motion for Leave to Submit Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss (#20) is **granted**. The Clerk shall **strike** docket entry (#18) from the record.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Motion for Leave to File Reply in Support of Opposition to Strike Complaint (#24) is **granted**. The Clerk shall **strike** docket entry (#22) from the record.

DATED this 19th day of December, 2011.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**