UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

YU P. ZHEN,

          Plaintiff,

   vs.

BAC HOME LOANS SERVICING, LP; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

          Defendants.

Case No.: 2:11-cv-01585-GMN-CWH

**ORDER**

     Pending before the Court is *pro se* Plaintiff Yu P. Zhen's Motion to Amend/Correct Complaint (ECF No. 37). Also before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendants BAC Home Loans Servicing, LP ("BAC"), MERSCORP, Holdings, Inc., f/k/a MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants").

     Plaintiff originally filed her Complaint in state court, before the action was removed to this Court. Defendants filed their Motion to Dismiss shortly thereafter, on October 7, 2011. (ECF No. 4.) After the Motion to Dismiss was fully briefed, Plaintiff attempted to file several supplemental documents that were struck by the Court on December 19, 2011. (*See* Order, ECF No. 34.) Plaintiff subsequently filed her Motion to Amend (ECF No. 37) on January 6, 2012.

     "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Before trial, and after the time to amend its

pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. Circumstances under which leave may be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Here, the Court notes Defendants' objections, but finds that Plaintiff's status as a *pro se* Plaintiff whose Complaint was originally filed in state court sufficiently justifies the Court's grant of Plaintiff's motion to amend her complaint. The Court finds that no bad faith or dilatory motive exists here, and that any delay or prejudice to Defendants is not so undue as to require denial of Plaintiff's motion. Accordingly, the Court will grant Plaintiff's Motion to Amend/Correct Complaint (ECF No. 37) and direct the Clerk of the Court to file her Proposed Amended Complaint (ECF No. 37-1) in the docket. As a result, Defendants' Motion to Dismiss must be denied as moot.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend/Correct Complaint (ECF No. 37) is **GRANTED**. The Clerk of the Court is directed to file Plaintiff's Proposed Amended Complaint (ECF No. 37-1).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 4) is **DENIED as moot**.

**DATED** this 14th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge