# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

YU P. ZHEN, )
                      )
         Plaintiff, )
  vs. )     Case No.: 2:11-cv-01585-GMN-CWH
                     )
BAC HOME LOANS SERVICING, LP; )     **ORDER**
MERSCORP, INC.; MORTGAGE )
ELECTRONIC REGISTRATION )
SYSTEMS, INC., )
                      )
         Defendants. )

Before the Court is the Motion to Dismiss (ECF No. 46) filed on June 28, 2012, by Defendants BAC Home Loans Servicing, LP; MERSCORP, Holdings, Inc., f/k/a MERSCORP, Inc.; and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants").

Pursuant to D. Nev. R. 7-2(b), Plaintiff Yu P. Zhen, who is representing herself *pro se*, had fourteen days after service of the Motion to file a Response. As of the date of this Order, Plaintiff has not filed a Response to the Motion to Dismiss. Defendants have, however, filed a Notice of Non-Opposition (ECF No. 49).

The Court previously granted Plaintiff's Motion to Amend/Correct Complaint (ECF No. 37) and ordered it to be filed in the docket. (Order, June 14, 2012, ECF No. 43.) Plaintiff's last action in this case was taken on February 2, 2012.

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev.

June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiff's failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits. Plaintiff's filings in the instant action have been repeatedly late and have included repeated requests for extensions of time. Plaintiff's failure to respond to this second motion to dismiss does not indicate a desire to pursue the litigation on the merits. Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal. However, in consideration of Plaintiff's *pro se* status, the Court will dismiss Plaintiff's Complaint without prejudice.

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 46) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly.

DATED this 21st day of August, 2012.

_____
Gloria M. Navarro
United States District Judge